IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ORGANIZING FOR ACTION <br> WILLIAM A. TACCINO, *volunteer* <br><br> Plaintiff *pro se* <br><br> v. <br><br> UNITED STATES OF AMERICA, <br> VARIOUS DEPATMENTS AND <br>  AGENCIES, <br> PRESIDENT OF THE U.S.A. <br>  BARRACK OBAMA, <br> STATE OF WEST VIRGINIA, <br> WEST VIRGINIA GOV. EARL <br>  RAY TOMLIN, <br> STATE OF MARYLAND, <br> MARYLAND GOV. MARTIN <br>  O'MALLEY <br><br> Defendants | \* <br><br> \* <br><br> \* <br><br> \*     Civil Action No. GLR-14-2112 <br><br> \* <br><br> \* <br><br> \* <br><br> \* <br><br> \* <br><br> \* <br><br> \*\*\* |

**MEMORANDUM OPINION**

The above-captioned case was filed on July 1, 2014, together with a Motion to Proceed in Forma Pauperis (ECF 2). Because he appears to be indigent, Plaintiff's Motion shall be granted. For the reasons that follow, the Complaint must be dismissed.

The Complaint concerns Plaintiff's loss of his job with the United States Postal Service in 2000; the foreclosure on his home and small business in West Virginia; the denial of Social Security Disability benefits; an alleged denial of access to health care by Maryland's Department of Health and Mental Hygiene despite Plaintiff's procurement of health insurance; reduction of Plaintiff's food stamp allowance; failure by the National Credit Union Association to take action against a local credit union when Plaintiff and his wife filed a complaint against it; failure by the Federal Trade Commission to take action on Plaintiff's verbal complaint against a cell phone

company; failure of the West Virginia State Police to provide Plaintiff with an "IR number" when he reported his car was stolen; and failure by the Maryland Motor Vehicle Administration to allow Plaintiff to register his car. ECF 1 at pp. 1 – 15. Plaintiff is suing the President and the Governors of West Virginia and Maryland because they have failed to insure the federal and state agencies about which he complains have performed the duties Plaintiff alleges are required. In each claim he asserts he has been deprived of constitutional rights to due process. Regarding the U.S. Postal Service, Plaintiff alleges the loss of his job violated double jeopardy as well as due process because he was not afforded the same rights given a criminal defendant in the context of his loss of the job.

The Complaint appears to be Plaintiff's attempt to address every adverse action taken against him by various governmental agencies and to hold responsible the chief executive officers of West Virginia and Maryland, as well as the President of the United States. The constitutional claims alleged include bizarre allegations of entitlement that are not cognizable legal claims. Indeed, Plaintiff's claim regarding the loss of a job fourteen years ago is clearly time-barred. Additionally, claims against the States of Maryland and West Virginia are barred by the Eleventh Amendment.[1] Plaintiff's attempt to file the instant Complaint on behalf of a volunteer organization ("Organizing for Action") is impermissible as he is not an attorney authorized to file suit on behalf of an organization.[2]

In short, the Complaint is so replete with erroneous legal conclusions and procedural defects that it is rendered frivolous. A frivolous Complaint may be dismissed sua sponte for lack

---

[1] Under the Eleventh Amendment to the United States Constitution, a state, its agencies, and departments are immune from suits in federal court brought by its citizens or the citizens of another state, unless it consents. See Penhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984).

[2] "It has been the law for the better part of two centuries ... that a corporation may appear in the federal courts only through licensed counsel." Rowland v. Cal. Men's Colony, 506 U.S. 194, 202 (1993) (citations omitted).

of subject matter jurisdiction pursuant to Fed  R. Civ. P. 12 (b)(1).  See Apple v. Glenn, 183 F.3d 477 (6th Cir. 1999); O'Connor v. United States, 159 F.R.D. 22 (D. Md. 1994); see also Crowley Cutlery Co. v. United States, 849 F.2d 273, 277 (7th Cir. 1988) (federal district judge has authority to dismiss a frivolous suit on his own initiative).  As the Complaint does not provide information that might lead to a reasonable conclusion that some plausible cause of action has accrued on Plaintiff's behalf, it must be dismissed by separate Order which follows.

July 16, 2014                                                                    /s/
                                                                    _____
                                                                    George L. Russell, III
                                                                    United States District Judge