IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ORGANIZING FOR ACTION
WILLIAM A. TACCINO                    *
                                      *
         v.                           *     Civil Case No. GLR-14-2112
                                      *
COMMISSIONER, SOCIAL SECURITY         *
                                      *
                        *************

REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014-01, the above-referenced case has been referred to me for review of the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). [ECF No. 13]. I have considered both parties' filings, which include a motion for summary judgment filed by the Plaintiff, "Organizing for Action William A. Taccino" (hereafter "Mr. Taccino"), and one filed by the Commissioner, along with Mr. Taccino's reply. [ECF Nos. 22, 26, 28]. This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the reasons set forth below, I recommend that the Commissioner's motion be granted and that Mr. Taccino's motion be denied.

Mr. Taccino filed his application for Disability Insurance Benefits ("DIB") on April 30, 2012, alleging a disability onset date of December 1, 2010. (Tr. 162-68). His application was denied initially and on reconsideration. (Tr. 55-62, 63-69). After a hearing on March 5, 2014, (Tr. 25-54), an Administrative Law Judge ("ALJ") issued an opinion denying benefits, (Tr. 12-19). The Appeals Council denied review, (Tr. 1-5), making the ALJ's decision the final,

reviewable decision of the Agency. Mr. Taccino sought judicial review on July 1, 2014. [ECF No. 1]. Although his appeal was initially dismissed, (ECF No. 4), it was reopened for adjudication on May 3, 2017, (ECF No. 5).

In the ALJ's 2014 opinion, the ALJ determined that Mr. Taccino had acquired sufficient coverage to remain insured through December 31, 2010. (Tr. 12). Accordingly, the relevant period within which he had to establish disability was the one-month window between his alleged onset date of December 1, 2010 and his date last insured of December 31, 2010.

The ALJ concluded that, during that period, Mr. Taccino suffered from the medically determinable impairments of "nephrolithiasis with hematuria, hypertension, peripheral vascular disease, and obesity." (Tr. 14). However, the ALJ determined that, during the relevant time frame, none of those impairments were severe. *Id.* Because she did not find any severe impairments, the ALJ ended her analysis and concluded that Mr. Taccino had not been disabled during December, 2010. (Tr. 19).

Because Mr. Taccino appears *pro se,* this Court has carefully reviewed the ALJ's opinion and the entire record. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the Commissioner's decision generally comports with regulations, (2) reviewing the ALJ's critical findings for compliance with the law, and (3) determining from the evidentiary record whether substantial evidence supports the ALJ's findings). As in every case, the function of this Court is not to review Mr. Taccino's claims *de novo* or to reweigh the evidence of record. *See Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986) (citing 42 U.S.C. § 405(g) and *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972)). Rather, this Court must determine whether, upon review of the whole

record, the Commissioner's decision is supported by substantial evidence and a proper application of the law. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Coffman*, 829 F.2d at 517; *see also* 42 U.S.C. § 405(g). While there may be substantial evidence in the record that would support a finding of disability, in addition to substantial evidence refuting such a finding, this Court should not disturb the ALJ's conclusion so long as it is one of the conclusions supported by substantial evidence. For the reasons described below, in this case, substantial evidence supports the ALJ's decision.

The ALJ proceeded in accordance with applicable law at each step of the sequential evaluation. The ALJ ruled in Mr. Taccino's favor at step one and determined that he did not engage in substantial gainful activity between his alleged onset date of December 1, 2010, and his date last insured of December 31, 2010. (Tr. 14); *see* 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the ALJ considered the severity of each of the impairments that Mr. Taccino claimed prevented him from working. *See* 20 C.F.R. § 404.1520(a)(4)(ii). As noted above, the ALJ concluded that Mr. Taccino's alleged impairments were not severe in December, 2010. The ALJ found Mr. Taccino to have medically determinable impairments as of December 31, 2010, including "nephrolithiasis with hematuria, hypertension, peripheral vascular disease, and obesity." (Tr. 14). The ALJ reviewed the medical evidence in the file, most of which post-dated the relevant period. There are two brief medical notes in the file from 2010. On April 5, 2010, during a visit with Dr. Jesus Tan, Mr. Taccino reported "[v]ague left sided chest discomfort, no radiation, no shortness of breath." (Tr. 384). Physical examination was normal, and, because Mr. Taccino declined follow up testing, Dr. Tan instructed him to "return prn [as needed]." *Id.* No further appointments are noted until October 7, 2010, where Mr. Taccino "complained of some swelling of the legs." *Id.* Physical examination was again normal, but Dr. Tan diagnosed

3

peripheral edema and ordered lab work. *Id.* No additional visits are documented until February 4, 2011, when "the claimant had a normal physical examination. A radiograph of the chest was normal. He was diagnosed with nephrolithiasis, peripheral edema, and obesity." (Tr. 16); *see* (Tr. 327-30). At that appointment, Mr. Taccino complained of a productive cough and sinus issues, and was diagnosed with acute sinusitis, cough, and sore throat. (Tr. 329). In her evaluation of subsequent medical records, the ALJ's discussion includes Mr. Taccino's diagnosis of peripheral vascular disease in August, 2011, and the extremely serious diagnosis of a brain tumor, resulting in surgery, in early 2012. (Tr. 16-17). The ALJ appropriately made no finding about Mr. Taccino's ability or inability to work during any time period after December 31, 2010. This Court's careful review of the record and the ALJ's opinion reveals no error warranting remand.

This Court has also considered the specific arguments Mr. Taccino made in his motion and reply. First, Mr. Taccino submits that the Commissioner never opposed his Motion for Summary Judgment. Pl. Reply 1. However, in all Social Security appeals, the Commissioner's Motion for Summary Judgment also constitutes her opposition to any motion filed by the Plaintiff. Moreover, even an unopposed Motion for Summary Judgment is not automatically granted, so Mr. Taccino would not be entitled to relief unless his motion had established his entitlement to summary judgment as a matter of law. *See Custer v. Pan Am. Life Ins. Co.,* 12 F.3d 410, 416 (4th Cir. 1993).

Next, Mr. Taccino notes that the Commissioner's brief contains a typographical error, making reference to a date last insured for "Mr. Hill." Def. Mot. 4. However, with the exception of the substitution of the name "Hill" for "Taccino," the Commissioner's brief correctly asserts,

4

and cites record evidence to prove, that Mr. Taccino's date last insured was December 31, 2010. (Tr. 12, 14); *see also* (Tr. 189).

Mr. Taccino's primary argument is that many of his symptoms manifesting around December, 2010, including his sinus symptoms and swelling in his lower extremities, were caused by the brain tumor that did not get diagnosed until 2012. Pl. Reply 3-5. No medical evidence appears to link the sinus symptoms and edema to the brain tumor. However, even crediting Mr. Taccino's contention that those earlier symptoms were connected to his later diagnosis, Mr. Taccino is unable to meet his burden of proof to establish disability in December, 2010, due to the absence of medical records showing disabling impairments during that time. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995) (noting that the burden rests with the claimant, through the first four steps of the sequential evaluation, to present evidence establishing disability during the relevant period). The symptoms documented during his few medical appointments in 2010 and early 2011 simply do not reflect the level of severity to establish disability, although, without question, Mr. Taccino's medical condition worsened significantly as time elapsed. As described above, each of the medical appointments in 2010 and February, 2011 demonstrated a normal physical examination and only mild complaints of symptoms, with no description of any significant functional impairment. (Tr. 327-30, 384). The ALJ appropriately considered Mr. Taccino's later medical records in evaluating his disability as of December 31, 2010, but is not required to "relate back" the level of severe impairment he later experienced to an earlier date.

The ALJ assigned "great and controlling weight" to the opinions of the reviewing State agency disability physicians, who determined that there was insufficient medical evidence to evaluate Mr. Taccino's claim prior to December 31, 2010. (Tr. 18-19). The ALJ also assigned

"no weight" to the opinion of Dr. Sadiq, who determined that Mr. Taccino was unable to work from August 22, 2012 through August 22, 2013. (Tr. 18). The ALJ appropriately concluded that Dr. Sadiq's longitudinal treatment of Mr. Taccino began well after the date last insured, and that Dr. Sadiq's opinion thus pertained to the later time frame. *Id.* The ALJ's analysis of the opinion evidence is substantiated by the other evidence of record.

Finally, Mr. Taccino argues that the ALJ should have ordered a consultative examination. Pl. Reply 7. Because any such order would have occurred years after Mr. Taccino's date last insured, with significant intervening medical conditions, it was within the discretion of the ALJ to determine that a consultative examination would not be appropriate. *See Bishop v. Barnhart*, 78 F. App'x 265, 268 (4th Cir. 2003); *see also Kellihan v. Shalala*, 30 F.3d 129 (4th Cir. 1994) (*citing Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986)).

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that the Court DENY Mr. Taccino's Motion for Summary Judgment, [ECF No. 22]; that the Court GRANT Defendant's Motion for Summary Judgment, [ECF No. 26]; that the Court AFFIRM the decision of the Commissioner pursuant to 42 U.S.C. § 405(g); and that the Court order the Clerk to CLOSE this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14)

days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated: December 11, 2017                              /s/
Stephanie A. Gallagher
United States Magistrate Judge